IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN BAUGH, )
)
    Plaintiff, )
)
v. ) NO.
)
CUPRUM S.A. de C.V., LOUISVILLE ) FILED: JULY 24, 2008
LADDER, INC., f/k/a LOUISVILLE ) 08CV4204
LADDER GROUP, LLC. AND ) JUDGE COAR
VERZATEC, S.A.B. de C.V., AND ) MAGISTRATE JUDGE ASHMAN
IMSATEC, S.A.B. de C.V. ) EDA
)
    Defendants. )

## COMPLAINT AT LAW

Now comes the Plaintiff, John Baugh, by and through his attorney, Junie L. Sinson of Sinson & Sinson, Ltd., and files this Complaint against the Defendants upon causes of action of which the following is a statement:

1. The Plaintiff, John Baugh, is an adult individual residing at 26W060 Marion Avenue, Wheaton, IL. Jurisdiction is founded on diversity of citizenship and amount.

2. Defendant, Cuprum, S.A. de C.V, (a Mexican corporation) is a subsidiary of Louisville Ladder, Inc., f/k/a Louisville Ladder Group, LLC.; and Louisville Ladder, Inc. its successors and assigns, Louisville Ladder Group, LLC, (hereinafter referred to as the "Louisville Defendants") are Delaware corporations doing business in the State of Illinois with their principal offices in the United States located at 7765 National Turnpike, Unit 190, Louisville, Kentucky, 40208.

3. Defendants, Verzatec, S.A.B. de C.V., and Imsatec, S.A.B. de C.V. (hereinafter referred to as "Verzatec" and "Imsatec"), are Mexican corporations and successor corporations which wholly own and control the Louisville Defendants (including Cuprum) and are at all times

engaged in doing business in the State of Illinois with their principal offices in Mexico: Verzatec SAB de CV, Direccion Av. Diego Diaz de Berlanga No. 95-A Norte, Fraccionamiento El Nogalar, San Nicolas de los Garza, Mexico 66480; Imsatec S.A. de C.V., Ave Batallon de San Patricio, 111 Piso 26, Fracc Valle Oriente, San Pedro Garza Garcia Mexico and Cuprum, Direccion Av. Diego Diaz de Berlanga No. 95-A Norte, Fraccionaniento El Nogalar, San Nicolas de los Garza, Nuevo Leon, Mexico 66480

4. At all times heretofore, Louisville Defendants and Verzatec and Imsatec were engaged in and doing business in the State of Illinois, they designed and manufactured aluminum ladders in Mexico bearing the name "Cuprum" which they licensed, advertised, promoted, sold and distributed in the United States in interstate commerce to be sold in the State of Illinois to the general public.

5. On or about August 1, 2006, Plaintiff was using a Cuprum ladder of the Defendants.

6. On or about August 1, 2006, while the Plaintiff was upon said ladder, the frame of the aforesaid Cuprum stepladder suddenly and without warning bent and deformed causing the ladder and the Plaintiff to fall onto the concrete driveway located at 26W060 Marion, Wheaton, IL, where he suffered injuries as hereinafter set forth.

7. The aforesaid Cuprum stepladder was manufactured, approved, advertised, promoted, distributed and sold by Defendants in the stream of commerce and was purchased by the Plaintiff therein.

8. The aforesaid stepladder was defective in design and/or manufacture in that it could not withstand the Plaintiff's weight causing the rear legs and its supports to bend and shift when he was engaged in its anticipated use.

SINSON & SINSON, LTD.
ATTORNEYS AT LAW
CHICAGO
WHEATON

-2-

9. On the date aforesaid, Defendants, acting through their agents, servants and/or employees knew or should have known of the defectiveness of the product and the propensity of the rear legs and supports to bend and shift under normal anticipated use.

10. Defendants failed to warn of said defects and failed to recall and/or remedy the design defects and hazards of the Cuprum stepladder although known to the Defendants before August 1, 2006.

11. On the date aforesaid, the Cuprum stepladder, without substantial change, was being used by Plaintiff in the manner in which it was intended to be used and as Defendants anticipated it to be used and the Plaintiff had the right to and did rely upon the superior skill and knowledge of the Defendants as to said Cuprum ladder.

12. As a direct and proximate result of Plaintiff's fall and Defendants' conduct as aforesaid and the defectiveness of the product, Plaintiff has suffered a severe and permanent injury.

13. By reason of the injuries complained of, Plaintiff has suffered great physical pain, suffering, agony and inconvenience, embarrassment and mental anguish and he will, by reason thereof, continue to suffer great physical pain, suffering, physical disability and mental anguish into the future.

14. As a further result of the acts complained of and the defective product, Plaintiff incurred various expenses for medical and hospital care and medicine all of which will continue in the future.

15. As a further result of the aforesaid injuries, Plaintiff's general health, strength and vitality has been impaired to his great loss and damage.

SINSON & SINSON, LTD.
ATTORNEYS AT LAW
CHICAGO
WHEATON

## COUNT I

## STRICT LIABILITY

16. Plaintiff herein incorporates by reference thereto, the allegations contained in Paragraphs 1 thought 15 inclusive, as fully as though same were set forth herein at length.

17. At all times herein material, the Defendants knew that the aforementioned ladder which they had manufactured and distributed was inherently dangerous, as negligently designed and manufactured, with them well knowing the ultimate use to be made of same.

18. The Defendants had a duty to users, including the Plaintiff, when manufacturing and distributing the aforesaid ladder, to use proper material; to employ proper design; engage in the proper inspection of said product and to advise as to the proper use and to warn the users, including the Plaintiff, of the defects and risks therein known.

19. Despite said duty to users, including the Plaintiff, and the Defendants possessing the aforementioned knowledge, the Defendants negligently manufactured, distributed, sold and supplied the ladder involved in this occurrence.

20. On said date, while using the aforesaid Cuprum ladder, Plaintiff was injured when suddenly and without warning, the leg of said ladder did collapse causing the Plaintiff to fall and suffer severe injuries.

21. Said Cuprum ladder was used by the Plaintiff for the purpose and in the manner for which it was intended and for which same was designed.

22. Directly and proximately as a result of Defendant's aforementioned conduct and in violation of their above described duties, the Plaintiff was severely injured.

23. The Defendants' wrongful acts included: (a) a failure to use proper materials; (b) a failure to properly design; (c) failure to provide proper support; (d) failure to adequately

SINSON & SINSON, LTD.
ATTORNEYS AT LAW
CHICAGO
WHEATON

warn and instruct; and (e) failure to distribute and sell a reasonably safe stepladder to the Plaintiff and the general public.

24. Defendants are strictly liable to Plaintiff pursuant to the theory of Strict Liability due to the Defendants having placed into the stream of commerce a product which was defective, because they failed to warn the ultimate users of said defect, because their product malfunctioned, and because they failed to adequately inspect and test the same.

25. In addition, Defendants are strictly liable to Plaintiff pursuant to the theory of Strict Liability in that they made to the public and the Plaintiff through advertising and other means misrepresentations of material fact concerning the use, safety and quality of the subject stepladder upon which the Plaintiff relied.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, individually, jointly and severally, in an amount within the jurisdictional amount of this Court.

A JURY TRIAL IS DEMANDED.

## COUNT II

## NEGLIGENCE

26. Plaintiff herein incorporates by reference thereto, the allegations contained in Paragraphs 1 through 15, inclusive, as fully as though same were set forth herein at length.

27. The injuries and damages suffered by the Plaintiff as aforesaid were the direct and proximate result of the careless, reckless, willful, wanton, dangerous and negligent conduct of the Defendants, acting individually, jointly and/or in concert with their agents, servants and/or employees within the scope of their agency or employment, as hereinafter set forth:

a. In manufacturing the aforesaid ladder with inadequate supportive materials;

b. In designing the aforesaid ladder with inadequate support when used for the purpose it was intended;

c. In designing, manufacturing, advertising, distributing, promoting and selling a defective and dangerous stepladder which caused injury when put to its anticipated use;

d. In failing to provide adequate warnings on the product;

e. In failing to provide adequate instructions on the use of the aforesaid product;

f. In designing, manufacturing, distributing, licensing, certifying, promoting, and advertising the stepladder when the Defendants knew or should have known it created an unreasonable risk of injury to its users;

g. In failing to adequately warn of the hazards involved in the use of said stepladder;

h. In failing to recall the aforesaid defective stepladder from the market;

i. In failing to develop, test, manufacture, distribute and sell a reasonably safe stepladder to the general public;

28. At all times, the Plaintiff used the degree of care to the extent required of him by law.

29. As a direct and proximate result of the Defendant's conduct, as aforesaid and the defectiveness of their product, Plaintiff fell from the ladder and suffered severe and permanent injuries.

SINSON & SINSON, LTD.
ATTORNEYS AT LAW
CHICAGO
WHEATON

**WHEREFORE,** Plaintiff demands judgment against the Defendants, individually, jointly, and severally, in an amount within the jurisdictional amount of this Court.

A JURY TRIAL IS DEMANDED.

Respectfully submitted,

SINSON & SINSON, LTD.

/s/ Junie L. Sinson
Plaintiff by Junie L. Sinson

Junie L. Sinson
Sinson & Sinson, Ltd.
205 W. Wacker Drive
Suite 1600
Chicago, IL 60606
(312) 332-2107
and
330 Naperville Road
Suite 405
Wheaton, IL 60187
(630) 871-8360