ARDC No. 6190218          7728-08002/JWB/CPR/MMS/kas

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 08 CV 4204 |
| | ) |
| CUPRUM S.A. de C.V., | ) Judge David H. Coar |
| LOUISVILLE LADDER, INC. | ) |
| f/k/a LOUISVILLE LADDER | ) Magistrate Judge Martin C. Ashman |
| GROUP, LLC and VERZATEC, | ) |
| S.A.B. de C.V., and IMSATEC, | ) |
| S.A.B. de C.V., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT, LOUISVILLE LADDER INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AT LAW**

Now comes one of the defendants, Louisville Ladder Inc. (hereinafter referred to as either "defendant" or "Louisville"), by its attorneys, Johnson & Bell, Ltd., and for its answer and affirmative defenses to plaintiff's complaint filed on July 24, 2008, answers as follows:

**GENERAL ALLEGATIONS**

1. This defendant lacks the knowledge and information at this time necessary to respond to the allegations contained in paragraph 1, and therefore, denies same.

**Doc. No. 1922644**

2. This defendant admits that Louisville Ladder Inc. is a Delaware corporation. Further answering, this defendant denies the remaining allegations contained in paragraph 2.

3. This defendant denies each and every conclusion of law alleged in paragraph 3. This defendant denies the remaining allegations contained in paragraph 3.

4. This defendant admits that it was in the business of designing and manufacturing ladders, including aluminum ladders. Further answering, until the subject ladder can be inspected by this defendant and its identity and condition ascertained, this defendant lacks the knowledge and information necessary to respond to the allegations contained in paragraph 4 at this time, and therefore, neither admits nor denies the allegations contained in paragraph 4 at this time, but demands strict proof thereof.

5. Until the subject ladder can be inspected by this defendant and its identity and condition ascertained, this defendant lacks the knowledge and information necessary to respond to the allegations contained in paragraph 5 at this time, and therefore, neither admits nor denies the allegations contained in paragraph 5 at this time, but demands strict proof thereof.

6. Until the subject ladder can be inspected by this defendant and its identity and condition ascertained, this defendant lacks the

knowledge and information necessary to respond to the allegations contained in paragraph 6 at this time, and therefore, neither admits nor denies the allegations contained in paragraph 6 at this time, but demands strict proof thereof.  Further answering, this defendant denies the remaining allegations contained in paragraph 6.

7.   Until the subject ladder can be inspected by this defendant and its identity and condition ascertained, this defendant lacks the knowledge and information necessary to respond to the allegations contained in paragraph 7 at this time, and therefore, neither admits nor denies the allegations contained in paragraph 7 at this time, but demands strict proof thereof.

8.   This defendant denies each and every conclusion of law alleged in paragraph 8.  Further answering, this defendant denies each and every remaining allegation contained in paragraph 8.

9.   This defendant denies each and every conclusion of law alleged in paragraph 9.  Further answering, this defendant denies each and every remaining allegation contained in paragraph 9.

10.   This defendant denies each and every conclusion of law alleged in paragraph 10.  Further answering, this defendant denies each and every remaining allegation contained in paragraph 10.

11. This defendant denies each and every conclusion of law alleged in paragraph 11. Further answering, this defendant denies each and every remaining allegation contained in paragraph 11.

12. This defendant denies each and every conclusion of law alleged in paragraph 12. Further answering, this defendant denies each and every remaining allegation contained in paragraph 12.

13. This defendant denies the allegations contained in paragraph 13. Further answering, this defendant denies that plaintiff sustained damages to the extent claimed.

14. This defendant denies each and every conclusion of law alleged in paragraph 14. Further answering, this defendant denies each and every remaining allegation contained in paragraph 14, and further denies that plaintiff sustained damages to the extent claimed.

15. This defendant denies the allegations contained in paragraph 15, and further denies that plaintiff sustained damages to the extent claimed.

## COUNT I
### (STRICT LIABILITY)

16. This defendant repeats, realleges, and incorporates by reference its answers to paragraphs 1 through 15 inclusive as if fully set forth herein.

17. This defendant denies each and every conclusion of law alleged in paragraph 17. Further answering, this defendant denies each and every remaining allegation contained in paragraph 17.

18. This defendant denies each and every conclusion of law alleged in paragraph 18. Further answering, this defendant admits all duties imposed by law, but denies any breach thereof, and further denies that paragraph 18 correctly states those duties. Further answering, until the subject ladder can be inspected by this defendant, and its identity and condition ascertained, this defendant lacks the knowledge and information necessary to respond to paragraph 18, and therefore, denies same.

19. This defendant denies each and every conclusion of law alleged in paragraph 19. Further answering, this defendant denies each and every remaining allegation contained in paragraph 19.

20. This defendant denies each and every allegation contained in paragraph 20. Further answering, this defendant denies that plaintiff sustained damages to the extent claimed.

21. Until the subject ladder can be inspected by this defendant, and its identity and condition ascertained, this defendant lacks the knowledge and information necessary to respond to the allegations contained in paragraph 21 at this time, and therefore denies same.

22. This defendant denies each and every conclusion of law alleged in paragraph 22. Further answering, this defendant denies each and every remaining allegation contained in paragraph 22, and further denies that plaintiff sustained damages to the extent claimed.

23. This defendant denies each and every conclusion of law alleged in paragraph 23. Further answering, this defendant denies each and every remaining allegation contained in paragraph 23, and in particular, denies subparagraphs (a) through (e), inclusive, and each of them.

24. This defendant denies each and every conclusion of law alleged in paragraph 24. Further answering, this defendant denies each and every remaining allegation contained in paragraph 24.

25. This defendant denies each and every conclusion of law alleged in paragraph 25. Further answering, this defendant denies each and every remaining allegation contained in paragraph 25.

**WHEREFORE**, defendant, Louisville Ladder Inc., denies that plaintiff is entitled to a sum in excess of the jurisdictional amount, or any sum whatsoever, and prays that judgment against this defendant be denied.

**Defendant, Louisville Ladder Inc., demands trial by jury.**

## COUNT II
## (NEGLIGENCE)

26. This defendant repeats, realleges, and incorporates by reference its answers to paragraph 1 through 15 as fully set forth herein.

27. This defendant denies each and every conclusion of law alleged in paragraph 27. Further answering, this defendant denies each and every remaining allegation contained in paragraph 27, and in particular, denies subparagraphs (a) through (i), inclusive, and each of them.

28. This defendant denies the allegations contained in paragraph 28.

29. This defendant denies each and every conclusion of law alleged in paragraph 29. Further answering, this defendant denies each and every remaining allegation contained in paragraph 29, and further denies that plaintiff sustained damages to the extent claimed.

**WHEREFORE**, defendant, Louisville Ladder Inc., denies that plaintiff is entitled to a sum in excess of the jurisdictional amount, or any sum whatsoever, and prays that judgment against this defendant be denied.

## FIRST AFFIRMATIVE DEFENSE TO
## PLAINTIFF'S COMPLAINT AT LAW

Now comes one of the defendants, Louisville Ladder Inc., by its attorneys, Johnson & Bell, Ltd., and pleading in the alternative, and without prejudice to its denials asserted in its answer to plaintiff's complaint at law, asserts, in the alternative, its first affirmative defense to plaintiff's complaint at law as follows:

1. Prior to and at the time of the occurrence complained of, plaintiff, John Baugh, knew that it was dangerous to set-up and use a ladder without following the instructions and warnings provided with the ladder.

2. Notwithstanding his knowledge and appreciation of this danger, plaintiff, John Baugh, caused, in whole or in part, his damages, by assuming the risk of injury, by voluntarily and unreasonably proceeding to encounter that known danger in one or more of the following ways:

    a. Ignored the warnings and instructions requiring a proper inspection of the ladder before each use;

    b. Ignored the warnings and instructions requiring proper set-up of the ladder before each use;

    c. Ignored the warnings and instructions regarding proper use of the ladder;

    d. Misused the ladder in a manner inconsistent with the warnings and

                instructions provided by the ladder manufacturer;

    e.    Knowingly and voluntarily used a ladder which was in a damaged condition.

    3.    As a direct and proximate result of plaintiff's assumption of risk of injury in one or more of the foregoing ways, the plaintiff, John Baugh, allegedly sustained damages for which he seeks relief in his complaint at law.

    4.    Plaintiff's assumption of risk of injury exceeded fifty percent (50%) of the proximate cause of plaintiff's damages, thereby barring plaintiff's recovery in this matter pursuant to 735 ILCS 5/2-1116 of the Illinois Code of Civil Procedure.

    5.    In the alternative, to the extent that the trier of fact determines that the plaintiff's assumption of risk of injury to be fifty percent (50%) or less of the proximate cause of plaintiff's damages, then if any judgment is rendered in favor of the plaintiff, then such judgment must be reduced by the percentage of plaintiff's assumption of risk of injury as determined by the trier of fact.

**WHEREFORE**, defendant, Louisville Ladder Inc., prays that in the event that the trier of fact determines that the plaintiff's assumption of risk of injury exceeded fifty percent (50%) of the proximate cause of plaintiff's damages, then plaintiff's recovery will be barred. In the alternative, in the event that the trier of fact

determines that the plaintiff's assumption of risk of injury constitutes fifty percent (50%) or less of the proximate cause of damages, then defendant, Louisville Ladder Inc., prays that any judgment that might be rendered in favor of the plaintiff and against this defendant be reduced by the percentage of plaintiff's assumption of risk of injury as determined by the trier of fact.

### SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AT LAW

Now comes one of the defendants, Louisville Ladder Inc., by its attorneys, Johnson & Bell, Ltd., and pleading in the alternative, and without prejudice to its denials asserted in its answer to plaintiff's complaint at law, asserts, in the alternative, its second affirmative defense to plaintiff's complaint at law as follows:

1. Prior to and at the time of the occurrence complained of, plaintiff, John Baugh, knew that it was dangerous to use and set-up a ladder without following the instructions and warnings provided with the ladder.

2. Notwithstanding the fact that plaintiff, John Baugh, had previously worked on the ladder and was familiar with the safety warnings and instructions contained in the labels affixed to the subject ladder, he proceeded to unforeseeably misuse the ladder in disregard of the warnings and instructions.

3. Plaintiff's disregard for the warnings and instructions contained in the labels affixed to the subject ladder prior to and at the time of the incident constituted unforeseeable misuse in one or more of the following ways:

    a. Ignored the warnings and instructions requiring a proper inspection of the ladder before each use;

    b. Ignored the warnings and instructions requiring proper set-up of the ladder before each use;

    c. Ignored the warnings and instructions regarding proper use of the ladder.

4. As a direct and proximate result of plaintiff's unforeseeable misuse in one or more of the foregoing ways, the plaintiff, John Baugh, allegedly sustained damages for which he seeks relief in his complaint at law.

5. The plaintiff's unforeseeable misuse exceeded fifty percent (50%) of the proximate cause of plaintiff's damages, thereby barring plaintiff's recovery in this matter pursuant to 735 ILCS 5/2-1116 of the Illinois Code of Civil Procedure.

6. In the alternative, to the extent that the trier of fact determines that the plaintiff's unforeseeable misuse was fifty percent (50%) or less of the proximate cause of plaintiff's damages, then if any judgment is rendered in favor of the plaintiff, then such judgment

must be reduced by the percentage of plaintiff's unforeseeable misuse as determined by the trier of fact.

**WHEREFORE**, defendant, Louisville Ladder Inc., prays that in the event that the trier of fact determines that the plaintiff's unforeseeable misuse exceeded fifty percent (50%) of the proximate cause of plaintiff's damages, then plaintiff's recovery will be barred. In the alternative, in the event that the trier of fact determines that the plaintiff's unforeseeable misuse constitutes fifty percent (50%) or less of the proximate cause of plaintiff's damages, then defendant Louisville Ladder Inc., prays that any judgment that might be rendered in favor of the plaintiff and against this defendant be reduced by the percentage of plaintiff's unforeseeable misuse as determined by the trier of fact.

### THIRD AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AT LAW

Now comes one of the defendants, Louisville Ladder Inc., by its attorneys, Johnson & Bell, Ltd., and pleading in the alternative, and without prejudice to its denials asserted in its answer to plaintiff's complaint at law, asserts, in the alternative, its third affirmative defense to plaintiff's complaint at law as follows:

1.  That at the time and place of the occurrence complained of, and prior thereto, plaintiff, John Baugh, had a duty to exercise reasonable care and caution for his own safety and well-being.

2. Notwithstanding the existence of this duty, and in breach thereof, plaintiff, John Baugh, was negligent, and caused, in whole or in part, plaintiff's damages in one or more of the following ways:

    a. Negligently failed to properly inspect the subject ladder before using it;

    b. Negligently failed to properly set up the subject ladder before using it;

    c. Negligently failed to properly maintain the subject ladder prior to plaintiff's accident;

    d. Negligently misused the subject ladder in a manner inconsistent with the warnings and instructions provided by the manufacturer.

3. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, plaintiff, John Baugh, allegedly sustained damages for which he seeks relief in plaintiff's complaint.

4. Plaintiff's contributory negligence exceeds fifty percent (50%) of the proximate cause of plaintiff's alleged damages, thereby barring plaintiff's recovery in this matter pursuant to 735 ILCS 5/2-1116 of the Illinois Code of Civil Procedure.

5. In the alternative, in the event that the trier of fact determines that plaintiff's contributory negligence constituted fifty percent (50%) or less of the proximate cause of plaintiff's alleged damages, then any judgment must be reduced by the percentage of plaintiff's contributory negligence as determined by the trier of fact.

**WHEREFORE**, defendant, Louisville Ladder Inc., prays that in the event that the trier of fact determines that the plaintiff's contributory negligence exceeded fifty percent (50%) of the proximate cause of plaintiff's alleged damages, then plaintiff's recovery must be barred. In the alternative, in the event that the trier of fact determines that the plaintiff's contributory negligence constituted fifty percent (50%) or less of the proximate cause of plaintiff's damages, then any judgment which may be rendered in favor of the plaintiff and against this defendant must be reduced by the percentage of plaintiff's contributory negligence as determined by the trier of fact.

### FOURTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AT LAW

Now comes one of the defendants, Louisville Ladder Inc., by its attorneys, Johnson & Bell, Ltd., and pleading in the alternative, and without prejudice to its denials asserted in its answer to plaintiff's complaint at law, asserts, in the alternative, its fourth affirmative defense to plaintiff's complaint at law as follows:

1. The fault of defendant, Louisville Ladder Inc., is less than twenty-five percent (25%) of the total fault attributable to the plaintiff, all the defendants sued by the plaintiff, and any third-party defendant except the plaintiff's employer. Therefore, in the event that the plaintiff recovers a judgment against this defendant, it is only severally liable for all damages incurred by the plaintiff except for medical

related expenses pursuant to 735 ILCS 5/2-1117 of the Illinois Code of Civil Procedure.

**WHEREFORE**, defendant, Louisville Ladder Inc., prays that in the event that the plaintiff recovers a judgment against this defendant, it is only severally liable for all damages to the plaintiff except for medical related expenses pursuant to 735 ILCS 5/2-1117 of the Illinois Code of Civil Procedure because defendant Louisville Ladder Inc., is less than twenty-five percent (25%) at fault of the total fault attributable to the plaintiff, all of the defendants sued by the plaintiff, and any third-party defendant except for the plaintiff's employer.

**Dated: August 29, 2008**     Respectfully submitted,

/s/  Charles P. Rantis
John W. Bell
Charles P. Rantis
Meghan M. Sciortino
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
ARDC No. 6190218

Doc. No. 1922644                    15

## CERTIFICATE OF SERVICE

 I hereby certify that on August 29, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

       <u>/s/  Charles P. Rantis</u>
       John W. Bell
       Charles P. Rantis
       Meghan M. Sciortino
       Johnson & Bell, Ltd.
       33 West Monroe Street
       Suite 2700
       Chicago, Illinois 60603
       (312) 372-0770
       ARDC No. 6190218